UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| COLUMBUS EQUIPMENT COMPANY, ) | CASE NO. 5:14-cv-2389 |
| ) | |
| PLAINTIFF, ) | JUDGE SARA LIOI |
| ) | |
| vs. ) | |
| ) | MEMORANDUM OPINION AND |
| ) | ORDER OF REMAND |
| ) | |
| RKJ ENTERPRISES, LLC dba ) | |
| AT YOUR SERVICE, et al., ) | |
| ) | |
| DEFENDANTS. ) | |

This matter is before the Court on the motion of plaintiff Columbus Equipment Company ("Columbus Equipment") to remand this action to the Carroll County Court of Common Pleas, from where it was removed by defendant Access MLP Operating, LLC, referred to in the complaint as "Access Midstream" ("Access" or "Access Midstream"). (Doc. No. 10 ["Mot."].) Plaintiff's motion is fully briefed and ripe for decision. For the reasons contained herein, plaintiff's motion to remand is GRANTED.

I. BACKGROUND

According to the "Creditor's Bill and Complaint" filed by plaintiff in the Carroll County Court of Common Pleas, plaintiff recovered a judgment against defendants RKJ Enterprises, LLC ("RKJ") and Ryan Jones ("Jones") in the Franklin County Court of Common Pleas in the amount of $340,821.32, plus interest and fees.

(Doc. No. 2-1 ["Compl."] ¶ 1.) RKJ and Jones have other judgments and lawsuits filed against them, and their obligations exceed their financial resources.[1] (*Id*. ¶ 2.) The complaint alleges that RKJ and/or Jones may have certain equitable or other interests in defendant Access "by way of a contract, breach of contract, and other claims, . . . including but not limited to retainage amounts." (*Id*. ¶ 3.) Plaintiff's prayer seeks: (1) the disclosure by defendants of "all of the property, real, personal, or mixed . . . which is in their possession or under their control in which Defendants RKJ and Jones have any interest, legal or equitable, or from which any money or property is due or becomes due to them;" and (2) the payment of all money due and owing to RKJ and Jones by Access into the court until plaintiff's judgment is satisfied. (*Id*. at 10.[2])

Access removed this case on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. (Doc. No. 1 (Notice of Removal ["Notice"]).) Plaintiff timely moved to remand on both procedural and jurisdictional grounds because: (1) Access did not obtain the consent of RKJ and Jones to remove this action; and (2) the amount of damages required for diversity jurisdiction under 28 U.S.C. § 1332 is not satisfied in this case. Access opposed the plaintiff's motion to remand (Doc. No. 13 ["Access Opp'n"]), and defendants RKJ and Jones filed a response to Access Midstream's opposition (Doc. No. 14 ["RKJ-Jones Resp."]). Plaintiff replied to Access Midstream's opposition. (Doc. No. 16 ["Reply"].)

---

[1] Texas State Bank has filed a motion to intervene, claiming a security interest in the accounts and accounts receivables of RKJ and Jones that are superior to plaintiff's interest in this case. (Doc. No. 12.)

[2] All references to page numbers are to the page identification numbers automatically generated by the Court's electronic filing system.

2

## II. DISCUSSION

### A. Standard of Review

A civil case filed in state court may be removed to federal court if the action could have been brought originally in federal court. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). As a court of limited jurisdiction, a district court is required to remand any case where federal subject matter jurisdiction is lacking. *See* 28 U.S.C. § 1447(c). The defendant bears the burden of establishing that removal is proper. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). "All doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (citation omitted).

### B. 28 U.S.C. § 1446—Procedure for removal

Title 28 U.S.C. § 1446 governs the procedure for removal of civil actions, and provides in relevant part as follows:

> **(a) Generally.**--A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> **(b) Requirements; generally.**--(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

**(2)(A)** When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.

**(B)** Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.

**(C)** If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.

**(3)** Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

For purposes of resolving the pending motion, the procedural requirements of § 1446 may be briefly summarized as follows. A notice of removal must be filed in the appropriate district court, signed pursuant to Fed. R. Civ. P. 11, and contain a short and plain statement of the grounds for removal. 28 U.S.C. § 1446(a). The notice of removal must be filed within 30 days after service of the complaint or summons, 28 U.S.C. § 1446(b)(1), and that 30 day window applies to each defendant in an action, 28 U.S.C. § 1446(b)(2)(B). When a civil action is removed solely pursuant to 28 U.S.C. § 1441(a)— actions subject to the Court's original jurisdiction—all defendants who have been properly joined and served in the case must join in or consent to the removal of the action. 28 U.S.C. § 1446(b)(2)(A).

**1. The rule of unanimity**

"[T]here is a rule of unanimity that has been derived from the statutory language prescribing the procedure for removing a state action to federal court." *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir. 2003) (citing 28 U.S.C. § 1446). In

4

*Loftis*, the Sixth Circuit joined the prevailing view of other circuits, holding that all defendants in an action must join in the removal petition or file their consent to removal, "in writing," within 30 days of receipt of a summons when the complaint demonstrates that the case is one that may be removed. *Id.* (citations omitted).

The Sixth Circuit has identified three ways to satisfy the rule of unanimity. All parties that have been properly served or otherwise properly joined may: (1) join in the removal; (2) file a written consent to removal; or (3) oppose a motion to remand. *Molnar v. Shelby County Bd. of Educ.,* No. 2:14-CV-2544 STA-dkv, 2014 WL 7335331, at *1 (W.D. Tenn. Dec. 19, 2014) (quoting *City of Cleveland v. Ameriquest Mort. Sec., Inc.*, 615 F.3d 496, 501 (6th Cir. 2010)). "Failure to obtain unanimous consent forecloses the opportunity for removing under Section 1446." *Loftis*, 342 F.3d at 516; *City of Cleveland v. Duetsche Bank Trust Co.*, 571 F. Supp. 2d 807, 811 (N.D. Ohio 2008) (quoting *Brierly v. Alusuiesse Flexible Packaging, Inc.,* 184 F.3d 527, 533-34 (6th Cir. 1999)); *see Lindon v. Kakavand*, Civil Action No. 5:13-26-DCR, 2013 WL 5441981, at *4 (E.D. Ky. Sept. 27, 2013) (failure of all defendants who have been served to join in the removal or file a written consent within 30 days creates a defect in removal procedure within the meaning of 28 U.S.C. § 1447(c)) (citing *Balazik v. Cnty. of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995) and *Loftis*, 342 F.3d at 516).

Because the timing of the consent of RKJ and Jones to the removal of this case is critical to the analysis of plaintiff's motion, the details of certain specific dates are necessary. Before this case was removed, the three defendants were served with the summons and complaint by certified mail on the following dates: (1) Access on October 8, 2014; (2) RKJ on October 9, 2014; and (3) Jones on October 9, 2014. Neither

5

defendant has contested the adequacy of service, so there is no reason to doubt that RKJ and Jones were properly served on that date. Therefore, under the statute, RKJ and Jones had until November 10, 2014 to consent to removal by Access.

As required by § 1446, Access timely removed the case on October 27, 2014. Although they had been served, RKJ and Jones did not join in the removal, and there is no indication in the notice that RKJ and Jones consented to the removal by Access. (*See* Notice, Section IV, at 3.) Thereafter, Access filed a "Supplemental Notice of Removal" on November 11, 2014. (Doc. No. 7 ["Supp. Notice"].) The supplemental notice contains a sentence in Section IV that was not present in the original notice: "All co-defendants have consented to this removal." (Supp. Notice at 32.)

Plaintiff argues that removal of this action is fatally flawed because RKJ and Jones did not join in the removal or timely file their written consent as required by § 1446 and the rule of unanimity. (Mot. at 47-48.) The Court agrees.

2**. Access Midstream's opposition to remand**

Typically, the Court would simply summarize the basis for Access Midstream's opposition. But in this case, the Court will provide direct quotations from Access Midstream's brief because the specific language is relevant to the analysis.

In opposing plaintiff's motion, Access states that when the initial notice of removal was filed on October 27, 2014, Access "inadvertently deleted the sentence stating that all co-defendants had consented to the removal. Upon noticing the deficiency in the original Notice of Removal, Access filed a Supplemental Notice of Removal on November 11, 2014." (Opp'n at 76-77.) "Due to a clerical error, the consent of RKJ and Jones was omitted from the original Notice of Removal and was corrected as soon as the

6

error was realized. However, it is unquestioned that all Defendants mutually agree to the removal of this action . . ..." (*Id.* at 79.) Access is entirely silent as to when the consent of RKJ and Jones was obtained.

Access Midstream's statements implying that, at the time of removal, it had the consent of RKJ and Jones, are, at best, misleading. After Access filed its opposition brief, defendants RKJ and Jones filed a "reply" in order to "clarify the following background regarding the consents of [RKJ] and [Jones]." (RKJ-Jones Resp. at 82.) This clarification reveals that Access did not seek the consent of RKJ and Jones until around November 7, 2014—well after Access removed the case on October 27, 2014—and that RKJ and Jones did not give their consent until November 11, 2014—one day after the 30 day window of § 1446 closed for these defendants. (*See id.*) RKJ and Jones did not file their answer to plaintiff's complaint until November 12, 2014. (Doc. No. 8.)

Access has not disputed the statements of RKJ and Jones as to when Access sought and received their consent. In light of this undisputed clarification, it is apparent that the original notice lacked a statement that Access had the consent of its co-defendants, not because of "inadvertence" or a "clerical error," but because Access did not seek or obtain the consent of RKJ and Jones until after the notice was filed. Further, Access did not actually obtain the consent of RKJ and Jones until after November 10, 2014—the last date that RKJ and Jones could have consented within the 30 day statutory time period.

While recognizing that the Sixth Circuit follows the "rule of unanimity," Access argues that it is "well settled" that district courts may permit amended notices of

7

removal to cure technical deficiencies if jurisdiction does in fact exist. (Opp'n at 77-78.) Access contends that the supplemental notice cures the technical deficiencies of the original notice, and should be permitted to cure these deficiencies because "it is unquestioned" that all defendants agree to the removal. (Opp'n at 78-79.)

### 3. Analysis

It is true that a notice of removal may be amended to cure technical deficiencies in a removal petition with respect to both jurisdictional and procedural requirements. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 164 (6th Cir. 1993) (permitting amendment of notice of removal to cure technical deficiencies regarding jurisdictional requirements) (abrogated on other grounds by *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010)); *Klein v. Manor Healthcare Corp.*, Nos. 92-4329, 92-4347, 1994 WL 91786, at *5 (6th Cir. Mar. 22, 1994) ("Although *Gafford* . . . involved jurisdictional deficiency . . . in a defendant's removal petition, we think the reasoning of [*Gafford*] is equally relevant in the context of an alleged procedural deficiency . . . accordingly, we reject plaintiff's argument founded on defendants' failure to initially explain Vadis's failure to join his co-defendants' removal petition [because he had not yet been served]."). *Loftis*, decided after *Gafford* and *Klein*, "announced a bright-line rule regarding the rule of unanimity," *Buterbaugh v. Selene Fin. LP*, No. 12–cv–14763, 2013 WL 812106, at *4 (E.D. Mich. Mar. 4, 2013), and requires written consent to removal within a 30 day period after service. *Daniel v. Anderson Cnty. Emergency and Rescue Squad,* 469 F. Supp. 2d 494, 497 (E.D. Tenn. 2009) ("*Loftis* clearly requires all defendants to either join in the removal petition or to provide timely written consent to the removal.").

Unlike the cases cited by Access, this case does not involve mere "technical deficiencies" in the notice of removal. In those cases, the facts defendants sought to include in the amended removal notice existed, and could have been alleged, in the original notice. In this case, Access could not have stated in the original notice that RKJ and Jones consented to the removal because, at the time of removal, RKJ and Jones had not consented. In fact, RKJ and Jones did not consent to the removal until more than 30 days after they were served.

This case is like *Hicks v. Emery Worldwide, Inc*., 254 F. Supp. 2d 968 (S.D. Ohio 2003). In *Hicks*,

> [T]he Notice of Removal is devoid of allegations that Emery's co-defendants had been consulted prior to the removal and had given consent to Emery's filing of the Notice of same. Rather, by all appearances, Emery, on its own, decided to remove the action to federal court, and any subsequent consent by its co-defendants was obtained after the removal period had expired. . . . Accordingly, the Court concludes that Defendants' untimely filing of their consent to removal is more than a "technical" defect in the removal process, thus mandating remand to the state court.

*Hicks,* 254 F. Supp. 2d at 977.

In so ruling, the court in *Hicks* distinguished *Jordan v. Murphy*, 111 F. Supp. 2d 1151 (N.D. Ohio 2000). In *Jordan*, the original notice, though signed by only one defendant, stated that the other defendants consented to removal of the action,

although a joint statement of consent signed by all of the defendants was not filed until after the 30-day period of § 1446 had expired.[3]

Similar to *Hicks* is *Daniel*. In *Daniel*, a single defendant signed the notice of removal but the notice "in no way indicate[d] that the other defendants consented to the removal." *Daniel*, 469 F. Supp. 2d at 496. Ultimately, the other defendants filed written consents to removal, but the consents were "outside the *Loftis* thirty day window for consent, rendering them ineffective." *Id.* at 497. In finding the removal fatally defective, the court emphasized that "Anderson and ACERS did not join in the removal petition within the allowed time, nor did they provide timely written consent, and Claxton cannot roll back the clock by attempting to amend its petition after the fact." *Id*.

As in *Hicks* and *Daniel*, the original notice filed by Access did not indicate that RKJ and Jones had consented to the removal. Indeed, the notice could not have so indicated, because, though they had been served, Access did not seek their consent at the time of removal. (*See* RKJ-Jones Resp. at 82.) Apparently, Access "on its own, decided to remove the action to federal court, and any subsequent consent by its co-defendants was obtained after the removal period had expired." *See Hicks*, 254 F. Supp. 2d at 977. Further, Access has not offered any excuse or reason for not obtaining their consent at the time of removal or within 30 days of service, and RKJ and Jones have offered no excuse or reason for not timely providing consent. *Daniel,* 469 F. Supp. 2d at 497 (denying defendant's motion to amend notice—defendant "Anderson had been served at the time

---

[3] Similar to *Jordan* is *Roberts v. Glens Falls Ins. Co*., 415 F. Supp. 2d 779 (N.D. Ohio 2006). In *Roberts*, the court permitted amendment of the removal petition where the original notice indicated co-defendant's consent to removal, but was not signed by the co-defendant. *Roberts*, 415 F. Supp. 2d at 782 ("[R]efusing to allow Defendants to amend their removal petition, which indicted Glens Falls' consent to removal but lacked its representative's signature, where eight days later such written consent was filed, would be to elevate form over substance.").

of removal, and . . . there was no excuse for Anderson's failure to provide timely consent.").

The facts in this case do not involve a mere technical deficiency in the original notice, but an actual failure of all of the defendants to consent within 30 days after service of the complaint as required by § 1446 and the Sixth Circuit's rule of unanimity. Having failed to follow the rule of unanimity, defendants are foreclosed from removing this state court action to federal court. *Loftis*, 342 F.3d at 516; s*ee also Molnar,* 2014 WL 7335331, at *2 (granting motion to remand and denying motion to amend notice of removal when notice of removal did not contain any statement representing consent of co-defendants and written consent was not obtained within 30 days of service); *Crockett v. Mutual of Omaha Bank,* No. 3:12-CV-00779, 2013 WL 2384344, at *2 (M.D. Tenn. May 30, 2013) ("Subsequent consent to removal after the thirty day period has passed is insufficient to satisfy the rule of unanimity.") (citing *Daniel*, 469 F. Supp. 2d at 496); *EMC Mortg. Corp. v. Redus*, No. 1:07CV271, 2007 WL 1101252, at *2 (N.D. Ohio Apr. 12, 2007) (rule of unanimity established by Sixth Circuit requires that all of the defendants in the action join in the removal petition or consent in writing) (citing *Loftis*, 342 F.3d at 516); *Lewis v. Lowe's Home Ctr., Inc.*, Civil Action No. 06-385-KKC, 2006 WL 3488724, at *2 (E.D. Ky. Dec. 1, 2006) (co-defendant did not joint notice of removal and did not file consent to removal until after the statutory consent deadline, therefore removal was defective under 28 U.S.C. § 1446(b)).

Federal removal statutes are strictly construed and all doubts regarding the propriety of removal resolved in favor of remand. *Molnar*, 2014 WL 7335331, at *1 ("[F]ederal courts must construe statutes of removal jurisdiction strictly 'because removal

jurisdiction encroaches on a state court's jurisdiction.'") (quoting *Daniel,* 469 F. Supp. 2d at 496 (citing *Brierly*, 184 F.3d at 534)). Because RKJ and Jones did not consent to the removal of this action within 30 days of service as required by § 1446 and the Sixth Circuit's rule of unanimity, Access Midstream's removal is defective and the case must be remanded.

### III. CONCLUSION

For the reasons contained herein, plaintiff's motion to remand is GRANTED. This case is hereby REMANDED to the Carroll County Court of Common Pleas.

Because the Court has concluded that the case must be remanded on procedural grounds, it is not necessary for the Court to address the parties' arguments regarding satisfaction of the jurisdictional amount required by 28 U.S.C. § 1332. In addition, the Court will not and cannot rule on the motion to intervene, which must be raised before and addressed by the state court. Case closed.

**IT IS SO ORDERED**.

Dated: August 24, 2015

                                      **HONORABLE SARA LIOI**
                                      **UNITED STATES DISTRICT JUDGE**